**TOSCONY PROVISION COMPANY, INC., a New Jersey corporation, and Henry Dei, Plaintiffs,**

v.

**John R. BLOCK, Secretary of the United States Department of Agriculture and United States of America, Defendants.**

**Civ. A. No. 81–1729.**

United States District Court, D. New Jersey.

May 3, 1982.

Nicholas H. Politan, Checki & Politan, Lyndhurst, N. J., for plaintiffs.

Bette E. Uhrmacher, Asst. U. S. Atty., Newark, N. J., for defendants.

OPINION

WHIPPLE, Senior District Judge.

This case is an appeal from a Decision and Order issued by the Secretary of Agri-

culture withdrawing a grant of federal meat inspection services under the Federal Meat Inspection Act, 21 U.S.C. § 601 et seq., until the president and stockholder of the plaintiff company disassociates himself from that business. This sanction is serious in nature because the company cannot operate without federal meat inspection services and Henry Dei, the president and major stockholder is sole chief operating officer of this closely held business.

The Federal Meat Inspection Act was passed to insure a high level of cleanliness and safety of meat products. *U. S. v. Mullens*, 583 F.2d 134 (5th Cir. 1978), 21 U.S.C. § 602. The Act requires inspection of meat and meat products before these products are introduced to commerce. 21 U.S.C. § 610(c).

Pursuant to 21 U.S.C. § 671, the Secretary of Agriculture has the authority to refuse to provide or withdraw federal meat inspection services from a recipient upon a finding that the recipient is unfit to conduct any business which requires inspection. The ultimate result is that the recipient cannot operate its business.

Title 21 U.S.C. § 671 specifically provides that a finding of unfitness can stem from a conviction either of the company itself or someone closely associated in a responsible position for 1) a felony or 2) more than one violation other than a felony based on acquiring handling or distributing unwholesome, mislabeled or deceptively packaged food or fraud in connection with transactions in food.

Toscany and Henry Dei were convicted upon guilty pleas in 1979 of knowingly distributing sausage meat that they had treated with imidazol, a chemical that retains the meat's "fresh" appearance even after it may be unfit to eat.

Subsequently the Department of Agriculture began this action against Toscany under § 671 which resulted in an Order of the Administrative Law Judge withdrawing inspection services from Toscany until Henry Dei disassociated himself with the company, a 30 day suspension and a two year probationary period for Toscany.

Upon appeal to the Secretary of Agriculture the authorized judicial officer upheld the Administrative Law Judge's decision but modified the order to delete the 30 day suspension.

Toscony and Dei were granted a stay of the order pending appeal to the United States District Court, where they filed a complaint seeking reversal of the Secretary's order as "arbitrary and capricious", "an abuse of discretion" and unnecessary to effectuate the purpose of the act, as well as violative of due process.

Both the plaintiff and the government have moved for summary judgment and there are no genuine issue of material fact involved. The scope of review for this Court is limited under the Administrative Procedure Act, 5 U.S.C. § 706, and the Federal Meat Inspection Act, 21 U.S.C. § 671, and has been exhaustively set forth in *Utica Packing Co., Inc. v. Bergland*, 511 F.Supp. 655 (E.D.Mich.1981).[1]

---

1. This court's standard of review was succinctly summarized by United States District Judge Anna Diggs Taylor in *Utica Packing Co., Inc. v. Bergland*, 511 F.Supp. 655 (E.D.Mich.1981).

The standard of review to be applied by this court to the determination of the Secretary of Agriculture is set out at the Administrative Procedure Act, 5 U.S.C. § 706, which provides in pertinent part:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

A. Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

B. Contrary to constitutional right, power, privilege, or immunity;

C. In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

D. Without observance of procedure required by law;

E. Unsupported by substantial evidence in a case (—) reviewed on the record of an agency hearing provided by statute;

\* \* \* \* \* \*

The record is clear and simple and requires no further factual analysis to determine the basis of the Administrative Law Judge's and the Judicial Officer's decisions. The decisions were based upon the single fact of the convictions of Toscony and Henry Dei for distributing adulterated meat in violation of 21 U.S.C. § 602. Therefore, the only review that is required is whether that single factor is sufficient to support the finding that the respondent is unfit to engage in any business requiring federal meat inspection services.

The decision of the Secretary rests upon three cases similar to the one at bar which have all been appealed to the United States District Court.

*Norwich Beef Co. Inc. v. Bergland,* 38 Agric.Dec. 380 (1979), *affirmed,* H 79–201 (D.Conn. Feb. 6, 1981), was an action under the same statute, 21 U.S.C. § 671, wherein the Secretary withdrew meat inspection services from the plaintiff because its president had been convicted of receiving and distributing stolen beef. The United States District Court for the District of Connecticut ruled that although 21 U.S.C. § 671 does not automatically disenfranchise all convicted felons, a finding of unfitness to engage in this business by the Secretary is discretionary and can be based solely upon a felony conviction.

In *Utica Packing Co. v. Bergland,* 511 F.Supp. 655 (E.D.Mich.1981) the president of the company and major stockholder had been convicted of bribing federal inspectors in order to receive a more favorable rating from the USDA. The Secretary withdrew the company's inspection services indefinitely, to be restored when the company's president disassociated himself with the company and divested himself of his 50% interest.

The plaintiffs argued that the Secretary must allege and establish that the termination of services is necessary to insure that unwholesome meat is not introduced to the stream of commerce; the purpose of the

---

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

In the instant case, we are instructed by 21 U.S.C. § 671 that "Judicial Review of any such order shall be upon the record upon which the determination and order are based."

In *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 815, 28 L.Ed.2d 136 (1970), reviewing courts are further instructed that, to make a finding under Section (2)(A) above:

...the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.

\* \* \* \* \* \*

Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency. [401 U.S. at 416, 91 S.Ct. at 823].

The "substantial evidence" rule of 5 U.S.C. § 706(2)(E), quoted above, was illuminated by the Supreme Court in *Universal Camera v. National Labor Relations Board,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), as follows:

[S]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Consolidated Edison Co. v. National Labor Relations Board,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126. Accordingly, it must do more than create a suspicion of the existence of the fact to be established.

\* \* \* \* \* \*

... it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. *National Labor Relations Board v. Columbian Enameling and Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660. (340 U.S. at 477, 71 S.Ct. at 459).

In *Bowman Transportation v. Arkansas-Best Freight,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974), the Supreme Court further noted that inasmuch as the above-quoted standards A and E of the APA are separate and distinct, an agency decision may be supported by substantial evidence but nevertheless be arbitrary and capricious. The agency under review must, therefore, have articulated a rational connection between the facts found and the choice made. While the court may not supply a reasoned basis for the agency's action that the agency itself has not given, "we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." (*Id.* 419 U.S. at 286, 95 S.Ct. at 442). [511 F.Supp. at 659–660].

Act. The Court rejected this argument noting that § 671 was intended by Congress to "add new and different grounds for withdrawal of inspection services under this section and, in doing so explicitly limited the scope of ensuing administrative considerations to questions of unfitness arising from criminal convictions and not others." *Id.* at 659.

Finally, the Secretary relies most heavily upon *Wyszenski Provision Co., Inc. v. Bergland*, 39 Agric.Dec. (Feb. 13, 1981) *appeal pending*, No. 81–816 (E.D.Pa.1982) which was cited as being "on all fours" with the case at hand.

In *Wyszinski*, the company's vice-president, Walter Wyszinski, pled guilty to adding a prohibited "meat freshener" to sausage. The Secretary withdrew inspection services indefinitely, to be suspended upon Mr. Wyszinski's disassociation with the firm. The *Wyszinski* opinion clearly stands for the proposition that although it was *never* Congress' intent to disenfranchise someone solely because of *any* felony conviction, if the felony is one that "strikes at the heart of the meat inspection program" it requires a determination of unfitness.

Therefore, as in *Wyszynski*, because the nature of Mr. Dei's and Toscony's offenses is such that they clearly contravene the purposes of the Federal Meat Inspection Program, it is neither appropriate nor necessary to consider other facts and circumstances, such as the plaintiff's reputation in the community or conditions at the plant. *Wyszinski* at 11.

Accordingly, the Administrative Law Judge's and Judicial Officer's reliance upon the fact of these convictions in order to find unfitness cannot be said to be arbitrary, or capricious or an abuse of discretion or in any way contrary to law. Furthermore, it cannot be said to be unsupported by substantial evidence in the record.

Despite the seemingly severe consequences of this ruling, this court cannot set aside this agency action.